IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LONNIE T. GLINSKI,

           Plaintiff,

    v.

KASEY MORRIS, *Corrections Officer – TRCI*, HARRY ROSSI, *OS2 – TRCI*, A EYNON, *Grievance Coordinator – TRCI*, SHAWN MILLIGAN, *Corrections Sgt. – TRCI*, DUSTI HUNTER, *Inmate Assignments Officer IAO – TRCI*, JANA SMITH, *Health Information Specialist – HIS – TRCI*, KAYCIE THOMPSON, *Exec Asst. Supt. TRCI Public Information Officer – TRCI*, *ADA Coordinator TRCI*, PATRICK MANEY, *AGNP – TRCI*, B. CLARK, *OS11 – TRCI*, MICHELLE DODSON, *Legal Affairs – ODOC*, ERIN REYES, *Superintendent – TRCI*, MARK NOOTH, *Institutions Administrator*, LT. DERANLEAU, *Security – TRCI*, OREGON DEPARTMENT OF CORRECTIONS (ODOC), T. RUMSEY, *Asst. Superintendent – TRCI*, TANYA RIDLEY, *Asst. Superintendent Rehab Services – TRCI*,

           Defendants.

Case No. 2:25-cv-00956-AB

ORDER

**Baggio, District Judge:**

       Plaintiff, an adult in custody at the Two Rivers Correctional Institution ("TRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a Motion for Appointment

1   - ORDER

of Counsel (ECF No. 4), a Motion for Preliminary Injunction (ECF No. 5), and a Motion to Stay these proceedings pending the completion of his pending state-court proceedings (ECF No. 7).

## BACKGROUND

Plaintiff filed a sixty-seven paged Complaint, accompanied by nearly five hundred pages of exhibits. See Compl, Exhs. 1-14 (ECF No. 1). He alleges that the named Defendants subjected him to cruel and unusual punishment and were deliberately indifferent to his serious medical needs by overriding prison physician activity limitations orders, compelling him to perform labor beyond his strength, dangerous to his health or life, and unduly painful, and making fraudulent representations about Plaintiff's ability to perform the tasks required without accommodation. Compl. at 21-30 (ECF No. 1). Plaintiff alleges that Defendants failed to diagnose and provide adequate treatment for his various medical conditions. *Id*. at 31-35. Plaintiff further alleges that Oregon Department of Corrections ("ODOC") employees have conspired to deprive him of his constitutional rights in an effort to conceal and frustrate Plaintiff's efforts to hold Defendants accountable for these violations. *Id*. at 35-42. Plaintiff also alleges Defendants retaliated against him for filing grievances, in violation of his First Amendment rights, challenges the validity of various Oregon Administrative Rules, and alleges violations of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. *Id*. at 42-58. Plaintiff names numerous ODOC Officers and Employees as Defendants in this action and seeks declaratory and injunctive relief, and compensatory and punitive damages. *Id*. at 3-7, 59.

## DISCUSSION

In his Motion to Stay, Plaintiff states that "the facts in this complaint are interwoven with issues raised in A Petition for Writ of Habeas Corpus, Umatilla County Circuit Court, Case Number 24CV27626, submitted June 3, 2024, which remains pending." Mot. to Stay at 1.

Accordingly, he asks this Court to stay these proceedings pending resolution of his state habeas proceedings.

"District courts have the discretion to stay proceedings pending before them." *Patton v. DePuy Orthopaedics, Inc.*, No. 19-cv-00081, 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019) (citations omitted); *see also Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) ("This court has the inherent power to control its docket to 'promote economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted). In deciding whether to grant a party's motion to stay, courts in this circuit typically consider the following three factors: "'(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]'" *Patton*, 2019 WL 851933, at *3 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

The Court finds that, on balance, the relevant factors weigh in favor of staying this action pending resolution of Plaintiff's state habeas proceedings. First, there is substantial overlap between the legal issues to resolve in both actions. A stay will conserve judicial resources by avoiding duplicative litigation. A stay will not result in a significant delay and will not unduly prejudice Defendants. Accordingly, Plaintiff's Motion to Stay is granted.

## CONCLUSION

Plaintiff's Motion for Stay (ECF No. 7) is GRANTED. Plaintiff may seek to refile Plaintiff shall file a status report with the Court every 90 days, which details the progress of his state habeas corpus action. When that action is final, and any appeals which may be taken have concluded, the Court will lift the stay in this case.

Plaintiff's Motions for Appointment of Counsel (ECF No. 4) and Preliminary Injunction

(ECF No. 5) are DENIED as premature and without prejudice to his right to refile after the stay is lifted in this case.

The Court reserves ruling on the sufficiency of the allegations in Plaintiff's Complaint until completion of his pending state habeas proceedings.[1]

IT IS SO ORDERED.

12/10/2025
DATE

Amy M. Baggio
United States District Judge

---

[1] Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

4   - ORDER